**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | **CASE NO. 8:06CR373** |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **TENTATIVE FINDINGS** |
| ) | |
| **DANIEL RAY DUNCAN,** ) | |
| ) | |
| **Defendant.** ) | |

The Court has received the Presentence Investigation Report ("PSR"), the Defendant's objections thereto (Filing No. 31), and the government's "comment" on the PSR (Filing No. 32). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The plea agreement provides that the 4-level enhancement in U.S.S.G. § 2K2.1(b)(6)[1] does not apply to this case. According to the facts provided by the government in its factual basis, the Defendant told arresting officers that he had found the pistol located in his pocket, a loaded Ruger .45 caliber P90 pistol, serial number 661-

---

[1] Section 2K2.1(b)(6), appearing in the 2005 guidelines used in this case as U.S.S.G. § 2K2.1(b)(5), requires in relevant part that a 4-level enhancement applies where a defendant used or possessed a firearm in connection with another felony offense. The enhancement has been upheld on appeal where the facts show that the defendant was involved in more than the personal use of illegal drugs. *United States v. Linson,* 276 F.3d 1017, 1017 (8th Cir. 2002). However, the imposition of the enhancement has also been found not to be clearly erroneous where a defendant possessed a personal use quantity of drugs, based on a general increased risk of violence when guns are possessed by those committing drug felonies. *United States v. Regans,* 125 F.3d 685, 686-87 (8th Cir. 1997). Referring to application note 3 accompanying U.S.S. 2D1.1 (2005 and 2006), the enhancement applies unless it is "clearly improbable that the weapon was connected with the offense." *Id.* (quoting § 2D1.1 cmt. n.3 (2005 & 2006).)

79776. A bottle of codeine cough syrup was on his person, and hashish and marijuana were found in the ashtray of the vehicle in which he was a passenger. After being read his *Miranda* warnings, the Defendant again stated that he found the pistol near 31st and Pratt Streets and that the hashish was his. There had been gun violence in the general area in recent days. In 2005, the Defendant was convicted of possessing crack cocaine in 2002. (PSR, ¶¶ 10-13; ¶ 27, at 35-36.) ATF Agent Shane Taylor test-fired the weapon involved in the instant case, and it functioned. (Filing No. 27, at 36.)

The application of the enhancement will be discussed at the sentencing hearing.

IT IS ORDERED:

1. The Defendant's Objections to the PSR (Filing No. 31) and the government's Comment on the PSR (Filing No. 32) will be discussed at sentencing;

2. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

3. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4. Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

     5.     Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 24th day of April, 2007.

BY THE COURT:

S/ Laurie Smith Camp
United States District Judge